UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARK KRESGE,

       Plaintiff

v.                                  Civil No. 09-248-B-W

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant

## RECOMMENDED DECISION ON MOTION TO ALTER OR AMEND JUDGMENT

The defendant, the commissioner of Social Security, moves pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment in this action, entered on June 22, 2010 (Docket No. 21), remanding this matter to the commissioner. Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion") (Docket No. 22). I recommend that the court deny the motion.

The defendant objected to my initial recommended decision on the merits in this case. Defendant's Objection to Magistrate Judge's Report and Recommended Decision ("Objection") (Docket No. 18). Chief Judge Woodcock overruled the defendant's objection and adopted the recommended decision in an order that noted that he had reviewed and considered the recommended decision, together with the entire record, and made a *de novo* determination of all matters adjudicated in the recommended decision. Docket No. 20.

The current motion is virtually identical to the objection. *Compare* Docket No. 18 *with* Docket No. 22. The only differences are occasional phrases tailoring the language to a motion to

alter or amend the judgment and a section of approximately one page in which the defendant contends that this is not a case in which Rule 59(e) relief is improper because the substantive arguments made in the Rule 59(e) motion merely restate those pressed earlier by the same party. Motion at 14-15.

The defendant argues, as he must in order to succeed on this motion, that my report and recommendation, and Judge Woodcock's adoption of it "with no substantive discussion of the issues raised in the Commissioner's Objection," were both "based on manifest errors of law." *Id*. at 3. But, I am well acquainted with the First Circuit's decisions in *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987), and *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996), the only possible "binding precedent" cited by the motion. Indeed, since 2002, this court has cited *Evangelista* in at least 14 opinions and *Manso-Pizarro* in virtually all of its Social Security opinions. Nothing in the excerpts from those opinions quoted by the defendant is at odds with the opinion in this case. Simply put, the opinion adopted in this case did not "inaccurately interpret[]" the language or holding of either of those cases; "run[] contrary to the Commissioner's published regulations and policies" cited by the defendant, with respect to evaluation of credibility; or "improperly shift[] the burden of establishing a claimant's [residual functional capacity.]" Motion at 3.

In any event, the defendant admits that he made the arguments he makes in this motion "at the April 2, 2010 hearing before the Magistrate Judge[, and] in his June 4, 2010 Objection to [the] Report and Recommended Decision." *Id*. at 14. Apparently because the order adopting my recommended decision "contains no substantive discussion of the issues raised by the Commissioner," he contends that it is appropriate for him to point out that the order represents "a manifest error of law." *Id.*

2

While "manifest error of law" is an exception to the rule applicable to Rule 59(e) motions recognized by the First Circuit in *Prescott v. Higgins*, 538 F.3d 32, 45 (1st Cir. 2008) – that repetition of arguments previously made is not sufficient to prevail on such a motion – the defendant has not even attempted to show why the court's previous ruling represents such an error, merely repeating exactly the same arguments made earlier. This is simply not enough. *See, e.g., Amburgey v. Atomic Ski USA, Inc.*, Docket No. 2:06-CV-149-GZS, 2007 WL 2028954 (D. Me. July 10, 2007) at *1.

I accordingly recommend that the motion to alter or amend the judgment be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of August, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge