UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARK KRESGE,              )<br>                                          )<br>       Plaintiff              )<br>                                          )<br>v.                                     )       Civil No. 09-248-B-W<br>                                          )<br>MICHAEL J. ASTRUE,         )<br>Commissioner of Social Security, )<br>                                          )<br>       Defendant            ) | |

### RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES

The plaintiff moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Act"), for an award of attorney fees and costs in the amount of $ 6,938.04, following his successful appeal from the denial of his application for Social Security Disability benefits. EAJA Application for Fees and Expenses ("Application") (Docket No. 24). Such a remand makes an applicant eligible for reimbursement of attorney fees under the Act, although the commissioner may, as he does here, Defendant's Objection to Plaintiff's EAJA Application for Fees and Expenses ("Opposition") (Docket No. 25) at 1, attempt to show that his position in the litigation was substantially justified, making the fees unavailable. 28 U.S.C. § 2412(d)(1)(A). I recommend that the plaintiff's application be granted in part.

The commissioner clearly felt that his position was substantially justified in this case, as he filed a detailed objection, Docket No. 18, to my recommended decision. That recommended decision was adopted by the court, Docket No. 20. The commissioner then filed a nearly-

1

identical motion to amend the resulting judgment, Docket No. 22. That motion to amend judgment was denied, Docket No. 28.

However earnest, the commissioner's belief in the strength of his position is not the determining factor for present purposes. As the First Circuit has explained, in construing the statutory language:

> The burden is on the government to demonstrate that its position was "substantially justified." Although the language of the statute refers to a "prevailing party," the statute makes clear that courts are to examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States. . . .
>
> The government need not show that its position was "justified to a high degree"; rather, it must show that its position was "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." The Supreme Court has said this is equivalent to the "reasonable basis both in law and fact" formulation we have used.

*Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001) (citations omitted).

The point at which the case reached this court is the point at which to determine whether the commissioner's position was substantially justified for most purposes. *Freeman v. Barnhart*, No. 00-120-B, 2003 WL 21210329, at *2 (D. Me. May 21, 2003). The question presented in this case – whether the administrative law judge's opinion, which was not supported by any of the admittedly sparse medical evidence in the administrative record, could nonetheless be sustained – was a close one. However, the commissioner's assertion, often repeated in this case, that I "reject[ed] long-standing First Circuit precedent as well as the Commissioner's clearly articulated published policies," Opposition at 5, in my recommended decision on the merits, is incorrect. *See* Recommended Decision on Motion to Alter or Amend Judgment (Docket No. 27) at 2.

Given the closeness of the determinative issue, and the fact that the commissioner's consistent position, shorn of its overheated rhetoric, does not appear unreasonable under the unique circumstances of this case, I am inclined to conclude that his position – that the administrative law judge could rely on the absence of medical evidence from the relevant period and a portion of the applicant's testimony as the basis for an assessment of the applicant's residual functional capacity – was justified to a degree that could satisfy a reasonable person. Contrary to the plaintiff's position, Plaintiff's Response to the Objection to Plaintiff's EAJA Application for Fees and Expenses ("Reply") (Docket No. 26) at 2-3, the mere fact that the commissioner was not successful in convincing this court that his position should prevail does not necessarily mean that his position was not substantially justified. *Freeman*, 2003 WL 21210329 at *2.

However, I agree with the plaintiff, Reply at 4, that, once Chief Judge Woodcock had adopted the recommended decision in this case over the commissioner's well-presented written objection, the commissioner should have known that a motion to alter or amend judgment based on an identical objection was highly unlikely to succeed. I cannot find that his position from that time forward was justified, let alone substantially so. Accordingly, the plaintiff is entitled to recover his attorney fees and expenses incurred in opposing that motion, which, by the terms of the itemized bill attached to the plaintiff's application as Exhibit 1 (Docket No. 24), are $1,054.50 for 6.0 hours of attorney time[1] and $75.00 for 1 hour of paralegal time.

For the foregoing reasons, I recommend that the plaintiff's application be **GRANTED** in part in the amount of $1,129.50.

---

[1] The commissioner does not object to the $175.75 per hour rate for attorney time used by the plaintiff in his application.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 19th day of October, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge